BLD-018                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3534
_____

JAMES JONES,
                    Appellant

v.

KENNETH DAVIDSON, Correctional Officer, "C.O.";
WENDY SHAYLOR, Grievance Coordinator;
M. WENEROWICZ, Superintendent, "Et Al"

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-03099)
District Judge: James Knoll Gardner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: November 15, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

James Jones appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his civil rights case. We will summarily affirm.

In May 2014, Jones, an inmate at SCI- Graterford, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming Eighth and Fourteenth Amendment violations for retaliation and for failing to take action regarding grievances and appeals he had filed concerning a false misconduct report. Jones alleges that he and Corrections Officer (CO) Kenneth Davidson engaged in a verbal altercation on October 22, 2011, following which Jones filed a grievance against CO Davidson. Approximately one week later, CO Davidson charged plaintiff with misconduct for sexual contact with another inmate. According to Jones, CO Davidson did so in retaliation for the grievance Jones filed. Jones was found guilty of the charge and pursued an appeal through the prison system, which was ultimately unsuccessful. Jones named as defendants CO Davidson; Wendy Shaylor, Graterford Grievance Coordinator; and M. Wenerowicz, Graterford Superintendent.

In July 2014, Shaylor and Wenerowicz filed a motion to dismiss Jones' complaint. In October 2014, Jones filed a motion for default judgment against CO Davidson for failure to file a responsive pleading to Jones' complaint. In June 2015, CO Davidson filed a notice of intent to file a response nunc pro tunc, along with a motion to dismiss Jones' complaint. Jones' motion for default judgment was subsequently denied. By order entered on November 25, 2015, the District Court granted Shaylor's and Wenerowicz's motion to dismiss under the doctrine of sovereign immunity, without

2

prejudice to allow Jones to amend his complaint to specify how Shaylor and Wenerowicz were personally involved in the alleged violations of Jones' constitutional rights. The District Court also dismissed Jones' Eighth Amendment and Due Process claims against all defendants but denied CO Davidson's motion to dismiss as to Jones' First Amendment claim.[1]

In February 2016, CO Davidson filed a motion for judgment on the pleadings, which was subsequently denied in April 2016. In June 2016, CO Davidson filed a motion for summary judgment. On August 10, 2016, Jones filed a motion to file an amended complaint. By order that same day, the District Court granted CO Davidson's motion for summary judgment. On August 12, 2016, the District Court dismissed Jones' motion to file an amended complaint as moot, noting that summary judgment had been granted for CO Davidson and that it would be unfair to allow Jones to amend his pleadings months after discovery had closed.

Jones appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Jones has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

I.

---

[1] Although Jones' complaint does not explicitly bring a claim under the First Amendment, the District Court determined after a liberal reading of Jones' complaint that CO Davidson's alleged retaliation against Jones for filing a grievance implicating Jones' First Amendment rights.

We exercise plenary review of the District Court's order dismissing Jones' complaint in part under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

We agree with the District Court's analysis and conclude that the claims against Shaylor and Wenerowicz in their official capacities were properly dismissed under the doctrine of sovereign immunity. The Eleventh Amendment bars suits in federal court by private parties against states, state agencies, and state officials in their official capacities, absent consent by the state. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-70 (1997). While a state may lose its immunity by Congressional abrogation or by waiver,

4

see Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000), Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Moreover, we have previously noted that the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. See Lavia, 224 F.3d at 195; see also 42 Pa. Cons. Stat. Ann. § 8521(b). To the extent that Shaylor and Wenerowicz were sued in their official capacities, they are immune from suit.

We further agree with the District Court's conclusion that Jones failed to plead sufficient facts to establish liability for Shaylor and Wenerowicz in their individual capacities. Liability under § 1983 may not be based solely on the doctrine of respondeat superior. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Instead, the plaintiff must show that the official's conduct caused the deprivation of a federally protected right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). More particularly, the plaintiff must allege that the defendant was personally involved in the deprivation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Jones failed to allege any personal involvement of Shaylor or Wenerowicz other than by virtue of their supervisory positions.

II.

5

Jones' Due Process claims against all defendants stem from the disciplinary consequences[2] of the allegedly retaliatory, fabricated misconduct charge. Jones also alleges, inter alia, that Shaylor and Wenerowicz failed to sufficiently investigate his grievances, and he was not permitted to present witnesses at his misconduct hearing in violation of his Due Process rights. A prisoner has a right to procedural due process when he is deprived of a legally cognizable liberty interest, which occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). However, "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" under the Fourteenth Amendment. Id. at 486; see also Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (holding seven months of disciplinary confinement did not implicate liberty interest); Torres v. Fauver, 292 F.3d 141, 151–52 (3d Cir. 2002) (holding disciplinary detention for fifteen days and administrative segregation for 120 days did not implicate liberty interest); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (holding administrative detention for fifteen months did not implicate liberty interest). Accordingly, the procedures to which he is entitled under Wolff do not apply. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974) (holding where inmate may be deprived of

---

[2] Specifically, Jones claims that, as a result of the misconduct charge, he was placed in the Restricted Housing Unit (RHU) for thirty days, designated a predator, ostracized and stigmatized, and assigned a higher security status, which affects his housing, work eligibility, and school and program consideration.

protected liberty interest, he is entitled to: (1) advance written notice of disciplinary charges; (2) the opportunity, when consistent with prison safety and penological goals, to call witnesses and present evidence; and (3) a written statement by the factfinder of the evidence relied on and reasons for the disciplinary action).[3]

### III.

We further conclude that summary judgment was proper with regard to Jones' retaliation claim against CO Davidson. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A court should grant summary judgment where the non-movant's evidence is merely colorable or not significantly probative, Anderson, 477 U.S.

---

[3] Jones' Eighth Amendment claim against CO Davidson is equally without merit and was appropriately dismissed by the District Court. Where conditions are not "cruel and unusual" but merely "restrictive and even harsh," they do not violate the Eighth Amendment but rather "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Placing an inmate in restricted housing does not violate the Eighth Amendment "as long as the conditions of confinement are not foul, inhuman or totally without penological

at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

To establish a claim of retaliation, a prisoner must show: (1) that he was engaged in a constitutionally protected activity; (2) that he "suffered some 'adverse action' at the hands of the prison officials"; and (3) that the protected activity was "a substantial or motivating factor" in the prison officials' decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). The burden then shifts to the prison officials to prove "that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

Here, as the District Court aptly concluded, Jones satisfied the first two prongs of a prima facie First Amendment retaliation claim by: (1) filing a grievance; and (2) alleging that, as a result of the fabricated misconduct charge by CO Davidson, he was designated a predator and a homosexual; given a higher security status, which negatively affected his housing, work eligibility, school and program considerations; and ostracized, see Allah v. Seiverling, 229 F.3d 220, 225-26 (3d Cir. 2000). With regard to the third and most contested factor, we agree with the District Court's conclusion that Jones' proclivity for sexual misconduct prior to his incarceration and history of infractions[4] after

---

justification." See Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).

[4] CO Davidson provided evidence that Jones is currently incarcerated for a variety of criminal offenses, including rape and involuntary deviate sexual intercourse. Jones' prison disciplinary record also lists thirty-six charges over seventeen years, eighteen of

he arrived at Graterford was more than sufficient to show that his placement in the RHU served a legitimate penological interest and would have occurred regardless of any retaliatory motive. See Rauser, 241 F.3d at 334. Jones' retaliatory discipline claim fails because there is "some evidence" supporting the guilty finding for the misconduct charge brought against Jones after he filed his grievance against CO Davidson. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994).

Moreover, Jones' own account of the incident partially supports defendant's version of events because he does not deny that another inmate was in his cell, that he disrobed, and that a curtain was restricting the view of his cell, which he explained to CO Davidson "may have looked suspicious, but nothing sexual occurred." Jones has provided some countervailing evidence in support of his allegations, including CO Davidson's subsequent criminal history for tax fraud, which is relevant to his credibility, and the affidavits of fellow inmates. However, we agree with the District Court's determination that the affidavits of the other inmates support only Jones' allegations regarding his verbal altercation with CO Davidson and not his innocence of the misconduct charge. After considering the evidence of record, a reasonable finder of fact would have to conclude that CO Davidson would have made the same decision out of legitimate penological interests regardless of any retaliatory motive. See Rauser, 241 F.3d at 334. Thus, summary judgment was appropriate as to this claim.

which he was found guilty. In another nine instances, he was not exonerated, although the charges were reduced.

IV.

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.